FILED
United States Court of Appeals
Tenth Circuit

**January 27, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MIDWEST CONCRETE
PLACEMENT, INC.,

      Third-Party-Plaintiff-
      Appellee,

v.

L&S BASEMENTS, INC.,

      Third-Party-Defendant-
      Appellant.

No. 09-3138
(D.C. No. 2:07-CV-02316-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

Third-party defendant L&S Basements, Inc. (L&S) appeals the district

court's grant of summary judgment in favor of third-party plaintiff Midwest

Concrete Placement, Inc. (Midwest) on its claim for contractual indemnification.

Sitting in diversity and applying Kansas law, the court held that L&S agreed to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

indemnify Midwest.  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

I.

The parties are familiar with the facts, which are fully set out in the district court's seventeen-page order.  We repeat only briefly those necessary to resolve the issues on appeal.  L&S was in the business of pouring concrete for basement walls and footings.  Its practice was to purchase cement from a supplier and rent a cement pump truck from a company like Midwest, with whom it had done business for a number of years.  Normally, when working with Midwest, L&S would contact Midwest, who in turn would send a truck to the job site.  The supplier would put the cement in the truck and Midwest's operator would pour the cement according to L&S's directions.

Once the work was completed, an L&S representative would sign a job ticket that also served as a written rental agreement, and Midwest eventually invoiced L&S.  On the front of the ticket was general information about the work and the statement:  "Terms & Conditions governing this rental as described on the reverse side are understood and agreed to by" the customer.  Aplt. App. at 100.  The reverse side of the ticket stated the following concerning indemnification:

> INDEMNIFICATION AND RISK OF LOSS:  Customer and Midwest . . . agree that the equipment and all persons operating such equipment[,] including Midwest['s] . . . employees will be under customer's exclusive jurisdiction, supervision, and control during the time such equipment and operators are on Customer's job site: the

-2-

> Customer agrees to indemnify Midwest . . . against all claims, actions, proceedings, costs, damages and liabilities arising in any manner out of, connected with, or resulting from the operation or handling of the equipment on Customer's job site including without limitation any injury . . . of workman . . . whether the liability, loss or damage is caused by or arises out of the negligence of Midwest . . . employees or otherwise. Customer's duty to indemnify shall include all costs or expenses arising out of or connected with all claims specified herein, including all court and or arbitration costs, filing fees, attorney's fees and cost of settlement[.]

*Id*. at 101. L&S admits to signing these work tickets on numerous occasions during its association with Midwest, although it denied ever having read the terms and conditions of the rental agreement.

On the day of the incident giving rise to this suit, a worker for the supplier was on an L&S job site pumping cement into Midwest's truck when one of the pump truck's pipes ruptured, spewing cement on the worker. Midwest dispatched a different truck to complete the job. Written in the customer signature line on the ticket for the replacement truck was the name "Andy." *Id*. at 100. When Midwest later sent L&S an invoice, it was paid in full without comment. Eventually, the worker sued Midwest for personal injuries for its alleged negligence and following its settlement with the worker, Midwest sued L&S for indemnification.

## II.

We review a grant of summary judgment de novo, applying the same legal standard used by the district court. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1243

(10th Cir. 2009).  Kansas substantive law applies in this diversity case.  *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998).

L&S claims "Andy" never signed the job ticket and, as such, there was no contract because there was no "meeting of the minds on all the essential terms." Aplt. Opening Br. at 10.  We reject this argument for the same reasons given by the district court, which concluded that even if L&S did not sign the ticket, under Kansas law, "a party can assent to a contract even if it does not sign the agreement."  Aplt. App. at 195, citing *Crouch v. Marrs*, 430 P.2d 204, 209 (Kan. 1967).  *See also Southwest & Assocs., Inc. v. Steven Enters., LLC*, 88 P.3d 1246, 1249 (Kan. App. 2004) (holding that an objective test is used to determine whether the parties have formed a contract).  L&S manifested its assent by paying for the truck it rented from Midwest, despite the ruptured pipe.

L&S acknowledges that "a party may contract away responsibility for its own negligence," Aplt. Opening Br. at 15, but argues that Midwest's indemnification clause is similar to the one found unenforceable as against public policy in *Belger Cartage Service, Inc. v. Holland Construction Company*, 582 P.2d 1111 (Kan. 1978).  To the contrary, Midwest's agreement is different for the reasons explained by the district court, including:  (1) the front of the job ticket states twice that the terms and conditions are on the back; (2) the indemnification provision is "clear and unambiguous and is written in plain language, not hidden nor lost in a haze of small print and legalese," Aplt. App.

at 200; (3) "the indemnification provision is conspicuously labeled and easily identified," *id*.; and (4) L&S had previously used Midwest's services, and was familiar with the job ticket.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge

-5-